UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES STEPHEN JONES,

      **Plaintiff,**

  v.                                **Civil Action 2:20-cv-3844**
                                      **Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

**OPINION AND ORDER**

Plaintiff, James Steven Jones ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security disability insurance benefits and supplemental security income benefits. This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 19), the Commissioner's Memorandum in Opposition (ECF No. 21), Plaintiff's Reply Memorandum (ECF No. 22), and the administrative record (ECF No. 15). For the reasons that follow, the Commissioner of Social Security's non-disability finding is **REVERSED**, and this case is **REMANDED** to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Opinion and Order.

                                        **I.    BACKGROUND**

Plaintiff filed prior applications for Title II Disability Income Benefits and Title XVI Supplemental Security Income Benefits on June 8, 2015, alleging that he had been disabled since May 27, 2015. (R. 79.) On December 12, 2016, following administrative denials of Plaintiff's

applications initially and on reconsideration, Administrative Law Judge Anne Shaughnessy issued a decision finding that Plaintiff was not disabled within the meaning of the Act. (R. 79–88.) Plaintiff filed an action in this Court seeking judicial review of the Commissioner's decision. *See Jones v. Commissioner of Social Security*, No. 2:17-cv-233. On November 15, 2017, the Court affirmed ALJ Shaughnessy's decision, thereby making her decision the final determination of the Commissioner with respect to the June 2015 application. (R. 98–111.)

Plaintiff filed his present applications for Title II Disability Income Benefits and Title XVI Supplemental Security Income Benefits on December 13, 2017, alleging that he became disabled effective May 28, 2015. (R. 279–302.) On July 22, 2019, following administrative denials of Plaintiff's applications initially and on reconsideration, a hearing was held before Administrative Law Judge Tony Buel, Sr. (the "ALJ"). (*Id.* 40–71.) Plaintiff, represented by counsel, appeared and testified. Vocational expert Patricia McFann (the "VE"), medical expert Alvin Stein, M.D. (the "ME"), and psychological expert Mary Buban, Psy.D. (the "PE") also appeared and testified at the hearing. On August 13, 2019, the ALJ issued a decision denying benefits. (*Id.* at 17–27.) On May 29, 2020, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. 1–3.) Plaintiff then timely commenced the instant action. (ECF No. 1.)

In his Statement of Errors (ECF No. 19), Plaintiff asserts two contentions of error: (1) the ALJ failed to properly consider the opinion of treating medical source Rebecca Brauch, M.D., and instead improperly adopted the prior residual functional capacity ("RFC")[1]

---

[1] A claimant's RFC is an assessment of "the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1).

determination; and (2) the ALJ failed to account for Plaintiff's mild limitations in each of the four broad areas of mental functioning when crafting Plaintiff's mental RFC. (*Id.* at 9–17.)

## II. THE ALJ'S DECISION

The ALJ issued his decision on August 13, 2019, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 17–27.) The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020. (*Id*. at 20.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 28, 2015. (*Id.*)

At step two, the ALJ found that Plaintiff has the following severe impairments: spinal stenosis, osteoarthrosis, and remote history of fracture of the right elbow. (*Id.*) The ALJ determined that Plaintiff's medically determinable mental impairments of unspecified anxiety

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

   1. Is the claimant engaged in substantial gainful activity?

   2. Does the claimant suffer from one or more severe impairments?

   3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

   4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

   5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

and unspecified depressive disorder, considered singly and in combination, do not cause more than minimal limitation in his ability to perform basic mental work activities and were therefore nonsevere. He based this determination on hearing testimony by psychological expert, Mary Buban, Psy.D., who noted the record documented that Plaintiff has no history of mental health treatment other than receiving psychotropic medication from his primary care physician (R. 20, citing a March 27, 2018 consultative examination by James Spindler, M.S, at 539), and that Plaintiff's anxiety improved with medication, concluding that there is no objective evidence to support a moderate limitation in any of the areas of mental health functioning. (R. at 20, citing Dr. Buban's testimony at R. 52.) Specifically, the ALJ discussed each of the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 C.F.R. Part 404, Subpart P, Appendix 1), also known as the "paragraph B" criteria, and determined that Plaintiff had no more than mild limitations in understanding, remembering, or applying information; mild limitations in interacting with others; mild limitations in concentrating, persisting, or maintaining pace; and mild limitations in adapting or managing oneself. (R. at 20–21.)

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 21.) At step four of the sequential process, the ALJ set forth Plaintiff's RFC as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is further limited to standing and/or walking for 2 hours in an 8-hour workday. He can never climb[ ] ladders, ropes, or scaffolds. He can occasionally stoop, kneel, crouch and crawl. He can occasionally reach overhead with the right arm. He can also occasionally push and pull with the right upper extremity.

4

(R. 22.) In determining Plaintiff's RFC, the ALJ acknowledged that that Plaintiff appealed the prior December 16, 2016 administrative decision denying benefits. (*Id.* at 23.) The ALJ then expressly adopted the RFC from the prior administrative decision, citing *Drummond v. Commissioner of Social Security*:

> The undersigned adopts the prior ALJ's decision and findings because the evidence of record indicates that the claimant's physical impairments have not significantly changed. Specifically, the undersigned has determined AR[Social Security Acquiescence Ruling]-98-4 applies in the instant case, as the claimant has not submitted new and material evidence with respect to the unadjudicated period, which would require a deviation from the prior administrative law judge determination of the claimant's residual functional capacity or other finding at a step in the sequential process for determining disability provided under 20 CFR 404.1520, 416.920, or 416.924. See also Drummond v. Commissioner of Social Security, 126 F.3d 837 (6th Cir. 1997). Although the "B" criteria have changed, the new criteria does [*sic*] not change the functional limits found in the previous decision.
>
> * * *
>
> Finally, as noted above, the undersigned adopts the prior Administrative Law Judges decision [as to Plaintiff's mental RFC] because the evidence of record indicates that the claimant's impairments and residual functional capacity have not changed (Exhibit B1A). See Drummond v. Commissioner of Social Security, 126 F.3d 837 (6th Cir. 1997).

(R. 23–25.) At step five of the sequential process, the ALJ, relying on the VE's testimony, found that Plaintiff was capable of making a successful adjustment to other work that existed in significant numbers in the national economy. (*Id.* at 26.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. (*Id.* at 26–27.)

### III.   STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C.

5

§ 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

Plaintiff raises two issues in his Statement of Errors (ECF No. 19): (1) the ALJ failed to properly consider the opinion of treating medical source Rebecca Brauch, M.D., and instead improperly adopted the prior RFC determination; and (2) the ALJ failed to account for Plaintiff's mild limitations in each of the four broad areas of mental functioning when crafting Plaintiff's mental RFC. (*Id.* at 9–17.) The undersigned finds that remand is required as to Plaintiff's first

6

contention of error because ALJ Buel incorrectly believed he was required to adopt the previous findings of ALJ Shaughnessy.

In *Drummond v. Commissioner of Social Security*, the United States Court of Appeals for the Sixth Circuit held that principles of *res judicata* apply to both claimants and the Commissioner in Social Security cases. 126 F.3d at 841–42. The *Drummond* court specifically held that absent evidence of "changed circumstances" relating to a claimant's condition, "a subsequent ALJ is bound by the findings of a previous ALJ." *Id.* at 842. Following *Drummond*, the Social Security Administration issued AR 98-4(6), which provides, in pertinent part, as follows:

> [W]hen adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

AR 98–4(6), 1998 WL 283902, at *3 (June 1, 1998).

The Sixth Circuit clarified its *Drummond* decision in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018). In *Earley*, the ALJ found that *Drummond* required him to give preclusive effect to a prior RFC determination absent "new and material evidence documenting a significant change in the claimant's condition." *Id.* (record citation omitted). The Sixth Circuit disagreed with the ALJ's approach, noting that *Drummond* was a somewhat unusual case in which the claimant was seeking to hold the Commissioner to prior finding that she was limited to "sedentary" work, as opposed to the finding by a second ALJ that she could engage in "medium" work. 893 F.3d at 934. Indeed, in *Drummond*, the claimant was entitled to the benefit of *res judicata* as to the Commissioner's previous finding because "[n]othing had changed between the end of the first application and the beginning of the second one—other than

the advancement of one year in the applicant's age." *Id.* at 932. Under those circumstances, in which the first and second ALJs reviewed essentially the same medical evidence,[3] the *Earley* court affirmed *Drummond*'s holding that the Commissioner was bound by the previous ALJ's finding that the plaintiff was limited to sedentary work. *Id.* at 932–933.

It is much more common, however, for claimants to be denied benefits and then file a second application for a subsequent period, this time desiring that the Commissioner reach a different result. *Earley* held that "[a]n individual may file a second application—for a new period of time—for all manner of reasons and obtain independent review of it so long as the claimant presents evidence of a change in condition or satisfies a new regulatory threshold." 893 F.3d at 932. The Sixth Circuit explained that "the key principles protected by *Drummond*—consistency between proceedings and finality with respect to resolved applications"—do not prohibit the Social Security Administration "from giving a fresh look to a new application containing new evidence or satisfying a new regulatory threshold that covers a new period of alleged disability while being mindful of past rulings and the record in prior proceedings." *Id*. at 931. Thus, "[w]hen an individual seeks disability benefits for a distinct period of time, each application is entitled to review." *Id.* at 933 (citations omitted). Nonetheless, "[f]resh review is not blind review," and "[a] later administrative law judge may consider what an earlier judge did if for no other reason than to strive for consistent decision making." *Id*. at 934. Indeed, "it is fair for an administrative law judge to take the view that, absent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application." *Id.* at 933.

---

[3] The only additional evidence considered by the second ALJ was a report indicating that the plaintiff's "condition actually worsened" in the interim. *Drummond*, 126 F.3d at 843.

8

Courts applying the "fresh look" test must do so with consideration for the underlying principle animating *Earley*: fairness to the applicant. *See Ferrell v. Berryhill*, No. 1:16-CV-00050, 2019 WL 2077501, at *5 (E.D. Tenn. May 10, 2019) (explaining that "the point" of *Earley* is fairness to the applicant). Accordingly, "an applicant should have the opportunity for a full hearing, with no presumptions applied, when the claim covers a new period of time not addressed in the prior hearing." *Id.* As a result, "if an ALJ is under the mistaken assumption that she is bound by the earlier ALJ's decision, the applicant is faced with 'an unwarranted procedural burden . . . at the second hearing.'" *Maynard v. Comm'r of Soc. Sec.*, No. 2:18-CV-959, 2019 WL 3334327, at *6 (S.D. Ohio July 25, 2019), *report and recommendation adopted*, 2019 WL 3891859 (S.D. Ohio Aug. 16, 2019) (quoting *Ferrell*, 2019 WL 2077501, at *6).

In this case, Plaintiff submitted new evidence regarding his impairments during the almost-three-year period subsequent to ALJ Shaughnessy's decision. For instance, he submitted progress notes from a treating physician dated December 19, 2016, referencing an x-ray that showed slight straightening of the cervical spine and mild exit foramina narrowing bilaterally. (R. 458.) A subsequent x-ray dated March 6, 2019, showed moderate multilevel degenerative disc and facet changes of the lower lumbar spine. (*Id.* at 761.) Plaintiff further submitted a March 7, 2018 physical assessment by treating source Rebecca Brauch, M.D., in which Dr. Brauch diagnosed Plaintiff with osteoarthritis, opined that Plaintiff could walk half a block with the use of a cane without rest or significant pain, could not sit or stand/walk at all during an eight-hour work day, could occasionally lift less than ten pounds, could not reach with his right hand, and concluded that Plaintiff "has too many impairments due to osteoarthritis + injuries to engage in employment." (R. 512–13.) These additional medical records satisfy the "new evidence" standard required for a "fresh look" under *Earley*. 893 F.3d at 931. The Court must

9

therefore ask whether ALJ Buel, "despite purporting to follow *Drummond*, gave the evidence a fresh look" as required by *Earley*. *See Johnson v. Comm'r of Soc. Sec.*, No. 2:17-CV-13126, 2018 WL 6440897, at *15 (E.D. Mich. Oct. 22, 2018) (collecting cases). "If so, then the ALJ's decision satisfie[s] *Earley*; if not, then remand [i]s appropriate." *See id*.

The undersigned finds that remand is warranted in this case. ALJ Buel stated that "the undersigned has determined AR-98-4 applies in the instant case, as the claimant has not submitted new and material evidence with respect to the unadjudicated period, which would require a deviation from the prior administrative law judge determination of the claimant's residual functional capacity or other finding at a step in the sequential process." (R. 23.) For this reason, ALJ Buel "adopt[ed] the prior ALJ's decision and findings," citing *Drummond*. (*Id.* at 23–24.) ALJ Buel did not discuss either of the x-rays that postdated[4] ALJ Shaughnessy's decision. Nor did he consider Dr. Brauch's opined functional limitations on walking, standing, reaching, or lifting. ALJ Buel merely stated that "the medical source statement by Rebecca Brauch, M.D. in Exhibit B4F is not persuasive, as a statement that the claimant is unable to engage in employment is an issue reserved for the Commissioner." (R. 25.)

Thus, notwithstanding the new and additional evidence before him, and despite the fact that his decision postdated *Earley* by over a year, ALJ Buel did not simply treat ALJ Shaughnessy's decision as a "legitimate, albeit not binding consideration" as *Earley* directs, but rather concluded that, under AR-98-4(6), he must adopt ALJ Shaughnessy's previous evaluation of Plaintiff's medical records. ALJ Buel's "mistake was to credit ALJ [Shaughnessy's] findings because AR-98-4(6) and *Drummond* mandated him to do so, not because his fresh look at

---

[4] The date of the x-ray discussed in Dr. Shannon's December 19, 2016 progress notes is not given (*see* R. 458); however, Dr. Shannon's review of that x-ray postdates ALJ Shaughnessy's December 13, 2016 decision and therefore constitutes new evidence.

10

Plaintiff's new and additional evidence led him to do so." *See Parrish v. Comm'r of Soc. Sec.*, No. 3:17-CV-411, 2019 WL 4667730, at *2 (S.D. Ohio Sept. 25, 2019).  Under these circumstances, Plaintiff "faced . . . an unwarranted procedural burden at the second hearing." *See Maynard*, 2019 WL 3334327, at *6 (quoting *Ferrell*, 2019 WL 2077501, at *6) (internal quotation marks and alterations omitted).  Plaintiff is therefore entitled to "a full hearing, with no presumptions applied" on remand.  *See Ferrell*, 2019 WL 2077501, at *5.

This finding obviates the need to analyze and resolve Plaintiff's remaining contentions of error.  Nevertheless, on remand, the ALJ may consider Plaintiff's remaining assignments of error if appropriate.

## V.    DISPOSITION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision denying benefits.  For the foregoing reasons, the Commissioner of Social Security's non-disability finding is **REVERSED** and this case is **REMANDED** to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Opinion and Order.


   **IT IS SO ORDERED.**


                                             /s/ *Chelsey M. Vascura*
                                             CHELSEY M. VASCURA
                                             UNITED STATES MAGISTRATE JUDGE